UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY GAY, )
 )
    Petitioner, )
 )
v. ) Case No. 09-1186
 )
YOLANDA JOHNSON, Warden, )
 )
    Respondent. )

# O R D E R

This matter is now before the Court on Petitioner, Anthony Gay's ("Gay"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Motion for Leave to Proceed In Forma Pauperis [#1] is DENIED, the Motion to Appoint Counsel [#2] is DENIED, and the Petition is DISMISSED FOR LACK OF JURISDICTION.

## BACKGROUND AND PROCEDURAL HISTORY

The following dates are taken from Petitioner's proposed Petition. On August 7, 2001, Gay was convicted of aggravated battery in the Circuit Court for Livingston County, Illinois. He was sentenced to five years' imprisonment. Gay pursued an appeal to the Illinois Appellate Court, and his sentence was affirmed on September 6, 2002. He filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on December 5, 2002.

Gay then initiated an attempt to collaterally attack his sentence and conviction through a post-conviction petition pursuant to 725 ILCS 5/122-1 in the Circuit Court of Livingston County. On March 21, 2003, his petition was summarily dismissed. Although

the Court has been unable to verify that any appeal was taken with respect to this petition, Gay asserts that he appealed and that following an evidentiary hearing, the Appellate Court denied post-conviction relief on May 9, 2007. Gay does not contend that he pursued a Petition for Leave to Appeal to the Illinois Supreme Court, and the Court's research has not uncovered any such filing.

Gay filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 26, 2009. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the present case, Gay alleges that he is entitled to relief because he was not allowed to call witnesses on his behalf and was forced to appear in shackles in front of the jury.  He makes no assertion that he was unable to discover his claims, that there is any newly recognized constitutional right, or that he was prevented from filing.  Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

In the present case, Gay's direct attack on his conviction ended on March 6, 2003, 90 days after the Illinois Supreme Court denied his PLA.  He then filed his post-conviction petition in the Circuit Court of Livingston County.  Assuming that Gay pursued an appeal that resulted in denial on May 9, 2007, his pursuit of post-conviction relief ended on June 13, 2007, when the time for filing a PLA with the Illinois Supreme Court expired.  His § 2254 petition was not submitted until May 26, 2009.

Again, assuming the accuracy of the dates presented in the proposed petition, Gay's period of limitations began to run on June 14, 2007, and he had only until June 14, 2008, in which to file a timely petition.  As Gay did not file his post-conviction petition until May 26, 2009, nearly two years elapsed between the conclusion of his post-conviction proceedings and the initiation of the present action for federal review.

Therefore, Gay's one-year period of limitation under § 2244(d) expired on or about June 14, 2008, more than 11 months before he submitted his § 2254 petition.  In other words, the nearly two years that elapsed between the conclusion of his post-conviction proceedings and the submission of his federal petition exceeds the statutorily prescribed

1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition must be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Gay's Motion for Leave to Proceed In Forma Pauperis [#1] is DENIED, the Motion to Appoint Counsel [#2] is DENIED, and the Petition is DISMISSED FOR LACK OF JURISDICTION as untimely. This matter is now terminated.

ENTERED this 28th day of May, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge