UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-1186 |
| ) | |
| YOLANDE JOHNSON, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is now before the Court on Petitioner, Anthony Gay's ("Gay"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 Petition [#8] is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

Following a jury trial, Gay was convicted of aggravated battery in the Circuit Court for Livingston County, Illinois, after throwing a brown liquid that smelled like feces at Correctional Lieutenant DeLong while incarcerated at Pontiac Correctional Center. He was sentenced to five years' imprisonment.

Gay pursued an appeal to the Illinois Appellate Court, arguing that the trial court violated his right to compulsory process when it refused to subpoena two witnesses and denied him due process when it refused to conduct a hearing to determine if he was fit to stand trial. His conviction and sentence were affirmed on September 6, 2002. He filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on December 5, 2002.

On March 17, 2003, Gay initiated an attempt to collaterally attack his sentence and conviction through a post-conviction petition pursuant to 725 ILCS 5/122-1 in the Circuit

Court of Livingston County. This petition raised three claims: (1) trial court violated his right to compulsory process when it refused to subpoena two witnesses; (2) his due process rights were denied when he was required to wear shackles during the trial without determining that the restraints were warranted; and (3) his counsel on direct appeal was ineffective for failing to raise the other two claims. On March 21, 2003, the trial court dismissed the post-conviction petition, finding that the claims were either forfeited or without merit. On appeal, the Illinois Appellate Court reversed the dismissal, finding that a post-conviction petition cannot be summarily dismissed on forfeiture grounds.

On remand, the trial court appointed counsel to represent Gay, and a supplemental petition was filed restating the same claims that were included in the original petition. The claim based on the failure to subpoena two witnesses was dismissed for lack of a sufficient basis, and the claim regarding the shackling was found to have been waived for failure to raise any objection during the trial, post-trial motions, or on direct appeal and was otherwise without merit. Based on these findings, the petition was denied in its entirety.

On appeal, Gay pursued only the claim regarding the shackling during trial, abandoning his other arguments. Specifically, he argued that the post-conviction court should not have made factual findings in a stage two proceeding reviewing the petition for dismissal. The Court of Appeals rejected this argument, finding that the proceedings had progressed to a stage three determination on the merits, where factual findings are proper. The denial of Gay's post-conviction petition was affirmed on March 27, 2008. His PLA to the Illinois Supreme Court raising the shackling and witness issues was denied on September 24, 2008.

Gay now brings this § 2254 petition, in which he raises essentially two claims: (1) he wasn't allowed to call witnesses on his behalf; and (2) he was compelled to proceed to trial in shackles in the presence of the jury. The State has filed is Answer to the § 2254 petition, and this Order follows.

**DISCUSSION**

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id. In the present case, Respondent does not argue that Gay has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he

did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59.  The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis.  A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77.  Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are

presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Gay first claims that his Sixth Amendment rights were violated where he "wasn't allowed to call witnesses on his behalf." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the petitioner "state the facts supporting each ground" in the petition. Other than the conclusory assertion set forth in the first sentence of this paragraph, Gay's petition is simply devoid of any factual basis for this claim. He does not identify the witnesses that he requested to call, give any indication of the content of their proposed testimony, or suggest how his requests were denied. Without such factual support, the claim is insufficient and can be denied.

Moreover, in affirming the denial of this claim on direct appeal, the Illinois Appellate Court noted that Correctional Officers Hamara and Allen were added to Gay's witness list the week before trial, along with a motion for subpoena. The trial judge reminded Gay that he had been advised that subpoenaing witnesses was his responsibility and that the trial would commence even if he came to trial without his witnesses. When asked which witnesses he deemed "really important," Gay did not identify either Hamara or Allen. No subpoenas were ultimately issued. At the close of the state's case, Gay began identifying his witnesses and the substance of their testimony. He stated that Hamara and Allen would testify that they heard Lieutenant DeLong say that Gay did not intentionally throw something on him. DeLong testified that he did not recall telling Hamara or Allen that Gay may not have intentionally thrown the liquid on him, and the jury returned a guilty verdict.

The Illinois Appellate Court found that Gay's Sixth Amendment right to obtain witnesses was forfeited for four reasons: (1) other than Gay's unsubstantiated statement,

there is no indication in the record that he forwarded subpoenas to the clerk or judge for issuance; (2) even if the subpoenas were mailed to the clerk or judge, the clerk has no duty beyond issuing the subpoenas; it is the duty of the defendant and not the responsibility of a clerk or judge to ensure that the subpoenas are issued and served; (3) defendant failed to follow the status of the subpoenas in that, although his notice of filing referred to attached motions, discovery documents, and subpoenas, the subpoenas were not present in the record, and he made no effort to bring his motion for subpoenas to the attention of the court for ruling; and (4) Gay failed to mention these two witnesses on the morning of trial when the judge offered to have the State contact any of his witnesses who were personnel at the correctional center to see if they were available to testify.

Furthermore, even if the trial court had erred in refusing to subpoena these witnesses, the error was deemed to be harmless. Had DeLong testified to the contrary, Hamara and Allen's testimony would only have been admissible to impeach DeLong's testimony rather than as substantive evidence. In light of the other eyewitness testimony presented at trial, the Illinois Appellate Court concluded that any impeachment of DeLong would likely have had no effect on the outcome of the trial. Gay therefore failed to follow the proper procedure to secure the presence of his witnesses at trial and was not deprived of his constitutional rights.

Habeas relief cannot be granted unless the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1-2). Gay cites no

Supreme Court law mandating a contrary result or which was unreasonably applied to the facts of this case.  Perhaps this is because Supreme Court precedent supports the state court's decision here.  In Taylor v. Illinois, 484 U.S. 400, 410 (1988), the Supreme Court acknowledged that unlike other Sixth Amendment rights, the right to compel witness testimony is "dependent entirely on the defendant's initiative" and could be forfeited by inaction.  Having failed to proceed with deliberate and affirmative action in accordance with the proper procedure for obtaining the issuance and service of subpoenas, it would appear that Gay did not properly invoke such a right.  He has therefore failed to demonstrate that the state court decision was contrary to or an unreasonable application of Supreme Court precedent.

Gay has likewise failed to introduce any clear and convincing evidence rebutting the presumption that the state court's factual findings were correct.  Other than his bald assertion that subpoenas were sent to the clerk's office, the record is utterly devoid of any evidence indicating that subpoenas were ever submitted or received by the clerk's office.  Gay's bald assertion does not represent the kind of clear and convincing evidence required to demonstrate that the state court's decision was based on an unreasonable determination of the facts, and his claim is not entitled to federal habeas relief.

Gay next argues that he was denied his right to due process when he was required to wear shackles in front of the jury during his trial.[1]  In reviewing his post-conviction claim, the Illinois Appellate Court held that Gay's failure to object when the trial court ordered him

---

[1] The Court notes that Gay presented no evidence indicating that the jurors actually saw or were aware of his shackles during the trial.  Given that at the time of his trial, only the use of restraints that were visible to the jury could have violated the due process clause, his claim would also appear to be barred by the non-retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989).

to be shackled without conducting a Boose hearing to determine if the use of restraints was warranted constituted a forfeiture of the issue for purposes of review. Under Illinois law, a defendant's failure to object to an alleged error during the trial or in his motion for a new trial results in forfeiture of that issue. People v. Allen, 856 N.E.2d 349, 355 (Ill. 2006). This rule has been held by the Seventh Circuit to be an independent and adequate ground of decision. Pisciotti v. Washington, 143 F.3d 296, 200 (7th Cir. 1998); Miranda v. Leibach, 394 F.3d 984, 997 (7th Cir. 2005). As the state court relied on an independent and adequate state law ground in disposing of this claim, it is procedurally defaulted from federal review. Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009); Coleman v. Thompson, 501 U.S. 722, 729 (1991).

Defaulted claims may be reviewed only on a showing of cause and prejudice or if there has been a fundamental miscarriage of justice. Here, Gay makes no real attempt to demonstrate cause for his default or that he has suffered actual prejudice. He chose to represent himself at trial despite lengthy admonitions and explanations from the trial court, and the evidence of his guilt in the form of testimony by three eyewitnesses was overwhelming.

Nor does he make any valid attempt to invoke the fundamental miscarriage of justice exception. To properly invoke the narrow fundamental miscarriage of justice exception, allegations of constitutional error must be supported by new, reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 865 (1995). A petitioner must then show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867-68; Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). Gay makes no showing that he is actually innocent of the charges

against him and presents no new, reliable evidence which was not presented at trial. His bald, conclusory assertions of innocence are utterly insufficient to allow this Court to find that a fundamental miscarriage of justice would occur absent federal review. Gay has therefore failed to excuse his procedural default, and this claims is also barred from further consideration in this Court.

## CONCLUSION

For the reasons set forth herein, Gay's petition for writ of habeas corpus pursuant to § 2254 [#8] is DENIED. This matter is now terminated.

ENTERED this 25th day of August, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
